**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Hosie Williams,** | ) | **CASE NO. 1:21 CV 1018** |
| | ) | |
| Plaintiff, | ) | **JUDGE PAMELA A. BARKER** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **State of Ohio,** *et al.*, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Hosie Williams filed this civil rights action against the State of Ohio, the Ohio Parole Board, Ohio Governor Mike DeWine, the Public Defender Center of Columbus, the Ohio Department of Rehabilitation and Correction, the Ohio Adult Parole Authority ("OAPA"), the Public Defender Center of Canton, the Ohio Bureau of Sentence Computation and OAPA Hearing Officer Erin K. Houston. In the Complaint, Plaintiff states he should not be made to serve post release control and he has served more than his maximum sentence. He asserts his post release control violates his First, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, Eleventh, Twelfth, and Fourteenth Amendment rights. He seeks release from post release control and monetary damages.

BACKGROUND

Plaintiff's Complaint contains few factual allegations. He states that he served more than the two and a half years he was required to serve. He states he is on parole and/or post

1

release control illegally which has caused him to lose employment, spend time in jail and prison and relocate to Canton from Cleveland.

The state court docket from his criminal case reveals some information.[1] Plaintiff was arrested on October 8, 2015 and charged with two counts of burglary, both of which were second degree felonies. He pled guilty to the charges on December 28, 2015 and was sentenced on January 28, 2016 to three years on each count to be served concurrently. The docket entry reflects that post release control was imposed and Plaintiff was credited to time served in jail awaiting trial. He was also ordered to pay restitution.

Plaintiff's Motion for Judicial Release was granted on September 12, 2016. The trial court placed him on three years of community control with numerous conditions. Plaintiff violated those conditions and on August 3, 2017, and the court revoked his community control, ordering him to be incarcerated to serve the remainder of his prison sentence. He was released from prison in March 2019 and was placed on post release control. Plaintiff appears to object to this imposition of post release control. He filed a Motion to vacate that portion of his sentence in the state court, calling his post release control illegal. The trial court denied his Motion in March 2021 and the Court of Appeals upheld that decision in June 2021. He filed a Petition to Vacate his Sentence in August 2021. The trial court recently denied that Petition on August 31, 2021.

While his appeal and his Petition were still pending, Plaintiff filed this action also claiming that his post release control is illegal. He does not explain why he believes it is illegal.

---

[1] *See* https://www.starkcjis.org

He states only that he believes his sentence has been fully served. He seeks monetary damages and release from post release control.

### STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

**DISCUSSION**

To the extent Plaintiff seeks release from the post release control portion of his sentence, he cannot proceed with a civil rights action. When the Plaintiff is essentially challenging the validity of his sentence, his sole remedy is habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Similarly, Plaintiff cannot collaterally attack his sentence in a civil rights action by seeking monetary damages instead of release. In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, or called into question by a federal court's issuance of a writ of habeas corpus. 28 U.S.C. § 2254; *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable under § 1983. Therefore, when a state prisoner seeks damages in a § 1983 suit, the court must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the Complaint must be dismissed unless the Plaintiff can demonstrate that the conviction or sentence has already been invalidated. If, however, the Court determines that the Plaintiff's claims, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the Plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit. Here, Plaintiff is directly challenging the validity of his post release control. His sentence has not been overturned on direct appeal nor has this Court granted him a writ of habeas corpus. He therefore cannot proceed with his claims for damages.

**CONCLUSION**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. Plaintiff's Motion to Appeal Public Record Request (Doc. No. 3), Motion for Appointment of Counsel (Doc. No. 4), Motion for Civil Protection Orders (Doc. No. 5), Motion to Subpoena (Doc. No. 6), Motion Asking for an Attorney and Motion of Prisoner Grievance to the Court (Doc. No. 7), Motion for Prisoner Grievance and Request for Stamped Copy (Doc. No. 8), and Motion of Complaints of Confinement (Doc. No. 9) are denied as moot.

**IT IS SO ORDERED.**

Date: 9/7/2021

s/*Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE